First Wisconsin Trust Company, Plaintiff, vs. The State, Defendant.

*January 9—April 28, 1936.*

218

For the plaintiff there were briefs by *Corrigan, Backus, Sullivan & Backus* of Milwaukee, and oral argument by *Walter D. Corrigan, Sr.*

For the defendant the cause was submitted on the briefs of the *Attorney General* and *J. E. Messerschmidt*, assistant attorney general.

The following opinion was filed February 4, 1936:

FRITZ, J.    It was expressly provided in the contract of June 2, 1924, that the building to be erected thereunder was to be "so constructed for the purposes and under the provisions, authority and limitations of sec. 93.06 (2) of the Wisconsin Statutes."    Consequently, it is manifest that the parties fully appreciated, at the outset, that the provisions of that statute and their contract made thereunder, in so far as it was not inconsistent therewith, govern and control as to their respective rights and obligations, and that there can be no recovery on implied contract by the plaintiff in respect to the subject matter of that express contract.    Therefore, the demurrer to the third cause of action, based on *quantum meruit,* must be sustained.

The only authority that the commissioner had to enter into the contract existed by virtue of sec. 93.06 (2), Stats. 1923, which, so far as here material, provides:

"With the concurrence of a majority of the state fair advisory board and the approval of the governor the commissioner may enter into agreements with exhibitors for the erection by them of exhibition buildings on the state fairgrounds, plans for such buildings to be approved by the state engineer and the state architect, and such buildings to be free from taxation and to become the property of the state at an agreed time, not more than ten years from the dates of the agreements for their construction. . . ."

The requirement prescribed by that statute, that buildings erected under such agreements must *"become the property of the state at an agreed time, not more than ten years from the dates of the agreements for their construction,"* must, as a matter of law, be considered part of every contract entered into under that statute, even though an express provi-

sion in accordance with that requirement is not embodied in fact in the contract as written. At all events, in so far as the contract under consideration is concerned, it is obvious that, at the time of the making thereof, the parties were well aware of that statutory requirement, and intended, that in accordance therewith, the building erected under their contract was to become the property of the state not later than ten years from the date of their agreement. Manifestly, it was in recognition of that statutory requirement, and in accordance with that intention, that the parties, in providing that the Schroeder Company might elect to take possession of the building, so as to be entitled to apply all net receipts of rents on the payments stipulated in the contract until it was paid in full, expressly qualified that provision by the proviso, *"but for a period not exceeding ten years from the date hereof, when the property becomes the property of the state* as provided in paragraph 12 hereof." And it was, undoubtedly, for the same reason that it was expressly provided in that twelfth paragraph of the contract that *"said building in any event, however, to become the property of the state not later than ten years from the date hereof."* Thus, by virtue of the plain and unambiguous term of those provisions, the building was clearly declared to become, and did become—as prescribed by sec. 93.06 (2), Stats. 1923—the property of the state at the end of ten years from June 2, 1924, the date of the contract. And it would have been inconsistent with that legal result, and the rights which it was evidently intended that the state should acquire under the statute, to hold that the payment of the net rental income to the Schroeder Company had not been duly limited to that period of ten years by the words in the contract, "but for a period not exceeding ten years from the date hereof."

It is true that the prescribed schedule of proposed annual payments indicates that it was contemplated that the net rental income would be sufficient to enable the commissioner

to pay the specified sum of $142,130 and interest, in six years, or at least within that ten-year period. But there is no provision in the contract which requires the state to pay the specified annual instalments to the Schroeder Company, if the annual net rental income is insufficient to do so in any year of that ten-year period, or to continue to pay such income to the Schroeder Company after the building became the property of the state upon the expiration of that period. The only provision in the contract giving any right or remedy to the Schroeder Company, in the event of any breach on the part of the commissioner in making the annual payments of net rental income, was that the Schroeder Company could elect to take possession of and operate the building and "collect rentals therefor, at prices not less than those stipulated herein; and after paying the expenses of operation (not in excess of $5,000 annually) shall apply all surplus receipts on the payments stipulated in this contract, until it has been paid in full all such amounts, but for a period not exceeding ten years from the date hereof, when the property becomes the property of the state as provided in paragraph 12 hereof." By reason of the very terms of that last clause, those rights and remedies could be exercised by the Schroeder Company only during a period not exceeding ten years from the date of the contract, and before the building becomes the property of the state "not later than ten years from the date of the contract."

Under and in consequence of the contractual provisions quoted above, the net rental income from the building during the period of ten years from the date of the contract constituted the only source of such money as the Schroeder Company was entitled to receive. As there is no provision which obligated the state or the commissioner to make any payment otherwise than out of the net rental income received during that period, there is no contractual basis, whatsoever, for holding the state liable for the payment of the

unpaid balance of the sum of $142,130 specified in the contract, or for holding that the Schroeder Company, or the plaintiff, as its successor in interest, is entitled to continue to enjoy any right or privilege under the contract, after June 2, 1934, including any payment out of net rental income earned after that date. Therefore, the demurrer to the first cause of action must be sustained; and the plaintiff is not entitled to any of the relief sought upon its second cause of action excepting possibly the recovery of the sums of $4,193.41 and $7,835.08, which constitute the amounts by which the disbursements for operating expenses in the years 1925 and 1926, respectively, exceeded the sum of $5,000, specified in the contract as the maximum amount deductible annually for that purpose. As the defendant, by demurring, admitted the truth of plaintiff's allegations to the effect that those amounts were deducted in 1925 and 1926, respectively, in excess of that sum of $5,000, sufficient facts appear upon the face of the complaint to state a cause of action for the recovery of those sums of $4,193.41 and $7,835.08. No facts disclosed by any allegation in the complaint defeat or negative the existence of a cause of action for those two items, and we cannot, at this time, take into consideration the assertion made in the defendant's final reply brief, that there was "a separate agreement made in 1925 and 1926 in which it was agreed to make certain improvements, provide booth equipment and make the building more desirable for exhibiting, such cost during the years 1925 and 1926, to be taken out of rentals of those years in addition to the maximum of $5,000 allowed for expenses under the contract." Facts, if any, to that effect cannot be taken into consideration until they are properly of record by allegations in some pleading or otherwise. As the item of $3,652, which plaintiff also seeks to recover as part of its second cause of action, was the net rental income from the building in 1934, after the expiration of the period of ten years from the date of

the contract, and at a time when the title to the building and the possession and income therefrom were vested exclusively in the state, the plaintiff is not entitled to recover that amount.

*By the Court.*—The defendant's demurrer is sustained as to the first and third causes of action; and it is overruled as to the second cause of action.

A motion for a rehearing was denied, with $25 costs, on April 28, 1936.